UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

JIM ANDERSON, JAMES GALLACIO, )
STEVEN KANAN, VERA F. BAKER TRUST, )
WESTBAY MANAGEMENT CO., and )
WAYNE ANDERSON, )
                                            )     Case No. 1:07-CV-100
        Plaintiffs, )
)
v. )
)     Chief Judge Curtis L. Collier
HARRY F. THOMPSON, AMY PYE, ERIC J. )
THOMPSON, WILON RESOURCES, INC., )
and JOHN DOES 1 – 5, )
)
        Defendants. )

**O R D E R**

Before the Court is a curious proposed order to "show cause" which was delivered by the plaintiffs to the Court's chambers but was not filed via the electronic filing system or with the Clerk's office. This order is supported by an even more curious "letter memorandum" (no motion has been filed), the format of which is in obvious violation of Local Rules 5.1 and 7.1. This order and memorandum were apparently filed simultaneously with the complaint. The defendants in this matter have not yet appeared. There is no evidence the defendants have even been served.

The "verified complaint" (Court File No. 1) alleges various state law causes of action against a Tennessee corporation and several of its directors. The complaint also alleges a civil violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964. It is this Court's practice for litigants to require parties filing civil RICO claims to file a "RICO Statement," in the form set forth below. It is also this Court's practice to provide all litigants with a fair hearing. The plaintiffs, via their "show cause" order, attempt to circumvent the Federal Rules of Civil

Procedure by a "summary proceeding," instead of permitting the defendants to answer the complaint and moving forward in a typical plenary action. The plaintiffs miscite *New Hampshire Fire Ins. Co. v. Scanlon*, 362 U.S. 404 (U.S. 1960). In this case, the United States Supreme Court held the law at issue did *not* justify a summary proceeding. There, as here, the matter was an "everyday, garden-variety controversy that regular, normal court proceedings are designed to take care of" and there was no statutory authority, there or here, which would "relax or alter the safeguards of plenary proceedings," *id*. at 409-10. Accordingly, the Court **DENIES** the plaintiffs' apparent (although unfiled) motion to propagate the show cause order. This matter will proceed as a typical civil action and will be set for a scheduling conference *after* the defendants appear and *after* the plaintiffs submit the RICO Statement.

Thus: The plaintiffs shall file, within twenty (20) days hereof, a RICO Statement. This case statement shall include the facts the plaintiffs are relying upon to initiate this RICO complaint as a result of the "reasonable inquiry" required by Fed. R. Civ. P. 11. In particular, this case statement shall be in a form which uses the numbers and letters set forth below, and shall contain in detail and with specificity the following information.

1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. §§ 1962(a), (b), (c), and/or (d).

2. List each defendant and state the alleged misconduct and basis of liability of each defendant.

3. List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.

4. List the alleged victims and state how each victim was allegedly injured.

5. Describe in detail the pattern of racketeering activity or collection of unlawful debts

alleged for each RICO claim. A description of the pattern of racketeering shall include the following information:

    a. List the alleged predicate acts and the specific statutes which were allegedly violated;

    b. Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;

    c. If the RICO claim is based on the predicate offenses of wire fraud,[1] mail fraud, or fraud in the sale of securities, the "circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Identify the time, place and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made;

    d. State whether there has been a criminal conviction for violation of the predicate acts;

    e. State whether civil litigation has resulted in a judgment in regard to the predicate acts;

    f. Describe how the predicate acts form a "pattern of racketeering activity"; and

    g. State whether the alleged predicate acts relate to each other as part of a common plan. If so, describe in detail.

6. Describe in detail the alleged enterprise for each RICO claim. A description of the enterprise shall include the following information:

    a. State the names of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise;

    b. Describe the structure, purpose, function and course of conduct of the enterprise;

---

[1] It should be noted, the "verified complaint" asserts a wire fraud predicate, but does not describe the "scheme or artifice to defraud, or for obtaining money or property . . ." pursuant to 18 U.S.C. § 1341.

   c. State whether any defendants are employees, officers or directors of the alleged enterprise;

   d. State whether any defendants are associated with the alleged enterprise;

   e. State whether the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise; and

   f. If any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

  7. State and describe in detail whether the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

  8. Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

  9. Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

  10. Describe the effect of the enterprise's activities on interstate or foreign commerce.

  11. If the complaint alleges a violation of 18 U.S.C. § 1962(a), provide the following information:

   a. State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and

   b. Describe the use or investment of such income.

  12. If the complaint alleges a violation of 18 U.S.C. § 1962(b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.

  13. If the complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following

information:

    a.     State who is employed by or associated with the enterprise; and

    b.     State whether the same entity is both the liable "person" and the "enterprise" under section 1962(c).

14.     If the complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

15.     Describe the alleged injury to business or property.

16.     Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

17.     List the damages sustained for which each defendant is allegedly liable.

18.     Provide any additional information which would be helpful to the Court in processing the RICO claim.

If this statement is not *filed with the Clerk* within twenty (20) days hereof, any RICO claim asserted herein shall be subject to dismissal.

    **SO ORDERED.**

    **ENTER:**

    **/s/**
    **CURTIS L. COLLIER**
    **CHIEF UNITED STATES DISTRICT JUDGE**