# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# SOUTHERN DIVISION AT CHATTANOOGA

JIM ANDERSON, JAMES GALLACIO, STEVEN
KANAN, VERA F. BAKER TRUST, WESTBAY
MANAGEMENT, CO. and WAYNE ANDERSON,
on behalf of themselves and all other stockholders
of Wilon Resources, Inc.,

      Plaintiffs

vs.

No: 1:07-CV-100

Collier/Lee

HARRY F. THOMPSON, AMY PYE, ERIC J.
THOMPSON, WILON RESOURCES, INC. a
Tennessee Corporation, and JOHN DOES 1-5,
fictitious defendants,

      Defendants

## ANSWER, COUNTERCLAIM AND CROSS-CLAIM
## OF HARRY F. THOMPSON, AMY PYE, AND ERIC J. THOMPSON

COME the Defendants, Harry F. Thompson, Amy Pye, and Eric J. Thompson, by and through counsel, and for answer to the to so much of the Verified Complaint filed against them as they are advised it is material and necessary for them to answer, they answer the Verified Complaint filed in the instant cause of action. Pursuant to Rules 13 of the Federal Rules of Civil Procedure, these Defendants bring a Counterclaim against all Plaintiffs and Cross-Claim and against Defendant Wilon Resources, Inc. To these ends, these Defendants would say as follows:

# ANSWER

1. In response to Paragraph 1 of the Verified Complaint, these Defendants admit that inasmuch as the Verified Complaint makes a bald assertion that Federal law has been violated, this Court has Federal question jurisdiction. However, these Defendants deny that any Federal law is implicated by the allegations contained in the Verified Complaint. To the extent that Paragraph 1 of the Verified Complaint may quote or paraphrase any statute, the actual statutory language speaks for itself, and these Defendants deny any interpretation or implication that may be made by or drawn from any Paraphrasing or context of such language in the Verified Complaint. All other allegations contained in Paragraph 1 of the Verified Complaint are denied.

2. In response to Paragraph 2 of the Verified Complaint, these Defendants admit that inasmuch as the Verified Complaint makes bald assertions of state law claims that are alleged to be so related to Federal law assertions as to be a part of the same cause or controversy asserted under Federal law, this Court may exercise pendent jurisdiction. All other allegations contained in Paragraph 2 of the Verified Complaint are denied.

3. In response to Paragraph 3 of the Verified Complaint, these Defendants admit that inasmuch as the Verified Complaint makes bald assertions of state law claims which create a controversy in excess of $75,000, this Court may exercise diversity jurisdiction. All other allegations contained in Paragraph 3 of the Verified Complaint are denied.

4. In response to Paragraph 4 of the Verified Complaint, these Defendants admit that to the extent any cause of action exists, venue is proper in this Court. All other allegations contained in Paragraph 4 of the Verified Complaint are denied.

5. These Defendants are without sufficient information as to admit or deny any allegations contained in Paragraph 5 of the Verified Complaint and strict proof thereof is demanded.

6. These Defendants are without sufficient information as to admit or deny any allegations contained in Paragraph 6 of the Verified Complaint and strict proof thereof is demanded.

7. These Defendants are without sufficient information as to admit or deny any allegations contained in Paragraph 7 of the Verified Complaint and strict proof thereof is demanded.

8. These Defendants are without sufficient information as to admit or deny any allegations contained in Paragraph 8 of the Verified Complaint and strict proof thereof is demanded.

9. These Defendants are without sufficient information as to admit or deny any allegations contained in Paragraph 9 of the Verified Complaint and strict proof thereof is demanded.

10. These Defendants are without sufficient information as to admit or deny any allegations contained in Paragraph 10 of the Verified Complaint and strict proof thereof is demanded.

11. These Defendants admit the allegations contained in Paragraph 11 of the Verified Complaint.

12. These Defendants admit the allegations contained in Paragraph 12 of the Verified Complaint.

13. These Defendants admit the allegations contained in Paragraph 13 of the Verified Complaint.

14. These Defendants admit the allegations contained in Paragraph 14 of the Verified Complaint.

15. In response to Paragraph 15 of the Verified Complaint, denied.

15.1 In response to the "Preliminary Statement," denied.

15.2 In response to the "Description of the Corporation Contained in a Form U-7 Registration Statement Signed by the Defendant Directors," denied.

16. In response to Paragraph 16 of the Verified Complaint, denied.

17. In response to Paragraph 17 of the Verified Complaint, denied.

18. These Defendants admit the allegations contained in Paragraph 18 of the Complaint.

19. In response to Paragraph 19 of the Verified Complaint, denied.

20. These Defendants admit that Mr. Gray is on the Board of Directors of Wilon Resources, Inc. In response to the remaining allegations contained in Paragraph 20 of the Verified Complaint, denied.

21. In response to Paragraph 21 of the Verified Complaint, denied.

22. In response to Paragraph 22 of the Verified Complaint, denied.

23. These Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 23 of the Verified Complaint and demand strict proof of the same.

24. These Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 24 of the Verified Complaint and demand strict proof of the same.

25. These Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 25 of the Verified Complaint and demand strict proof of the same.

26. In response to Paragraph 26 of the Verified Complaint, denied.

27. In response to Paragraph 27 of the Verified Complaint, denied.

28. In response to Paragraph 28 of the Verified Complaint, denied.

29. In response to Paragraph 29 of the Verified Complaint, denied.

30. In response to Paragraph 30 of the Verified Complaint, denied.

31. In response to Paragraph 31 of the Verified Complaint, denied.

32. In response to Paragraph 32 of the Verified Complaint, denied.

33. In response to Paragraph 33 of the Verified Complaint, denied.

34. In response to Paragraph 34 of the Verified Complaint, denied.

35. In response to Paragraph 35 of the Verified Complaint, denied.

36. In response to Paragraph 36 of the Verified Complaint, denied.

37. 18 U.S.C. § 1962(a) speaks for itself, and no response to Paragraph 37 of the Verified Complaint is required.

38. 18 U.S.C. § 1962(b) speaks for itself, and no response to Paragraph 38 of the Verified Complaint is required.

39. 18 U.S.C. § 1962(c) speaks for itself, and no response to Paragraph 39 of the Verified Complaint is required.

40. 18 U.S.C. § 1962(d) speaks for itself, and no response is required; in response to the remaining allegations contained in Paragraph 40 of the Verified Complaint, denied.

41. 18 U.S.C. § 1341 speaks for itself, and no response is required; in response to the remaining allegations contained in Paragraph 41 of the Verified Complaint, denied.

42. In response to Paragraph 42 of the Verified Complaint, denied.

43. 18 U.S.C. § 1964(c) speaks for itself, and no response to Paragraph 43 of the Verified Complaint is required.

44. These Defendants incorporate herein their previous answers as set forth above, and no further response to Paragraph 44 of the Verified Complaint is required.

45. In response to Paragraph 45 of the Verified Complaint, denied.

46. These Defendants incorporate herein their previous answers as set forth above, and no further response to Paragraph 46 of the Verified Complaint is required.

47. In response to Paragraph 47 of the Verified Complaint, denied.

48. These Defendants incorporate herein their previous answers as set forth above, and no further response to Paragraph 48 of the Verified Complaint is required.

49. In response to Paragraph 49 of the Verified Complaint, denied.

50. These Defendants incorporate herein their previous answers as set forth above, and no further response to Paragraph 50 of the Verified Complaint is required.

51. In response to Paragraph 51 of the Verified Complaint, denied.

52. These Defendants incorporate herein their previous answers as set forth above, and no further response to Paragraph 52 of the Verified Complaint is required.

53. In response to Paragraph 53 of the Verified Complaint, denied.

54. These Defendants incorporate herein their previous answers as set forth above, and no further response to Paragraph 54 of the Verified Complaint is required.

55. In response to Paragraph 55 of the Verified Complaint, denied.

56. These Defendants incorporate herein their previous answers as set forth above, and no further response to Paragraph 56 of the Verified Complaint is required.

57. In response to Paragraph 57 of the Verified Complaint, denied.

58. All allegations contained in the Verified Complaint which have not been answered hereinabove are denied.

**COUNTERCLAIM AGAINST JIM ANDERSON, JAMES GALLACIO, STEVEN KANAN, VERA F. BAKER TRUST, WESTBAY MANAGEMENT, CO. AND WAYNE ANDERSON FOR REASONABLE EXPENSES AND ATTORNEY FEES PURSUANT TO TENNESSEE CODE ANNOTATED SECTION 48-17-401(d)**

59. The instant cause of action set forth in Plaintiffs' Verified Complaint is a derivative action brought against a Tennessee corporation.

60. Plaintiffs have named Harry F. Thompson, Amy Pye, and Eric J. Thompson as Defendants to the instant cause of action.

61. Plaintiffs commenced the instant cause of action without reasonable cause.

62. Defendants Harry F. Thompson, Amy Pye, and Eric J. Thompson have incurred expenses, including attorney fees, in defending the instant cause of action.

63. Defendants Harry F. Thompson, Amy Pye, and Eric J. Thompson are entitled to recover from Plaintiffs their reasonable expenses and attorney fees incurred in defending the instant cause of action.

7

64. Plaintiffs are jointly and severally liable for any award of expenses and attorney fees the Court may order in favor of Defendants Harry F. Thompson, Amy Pye, and Eric J. Thompson.

**CROSS-CLAIM AGAINST WILON RESOURCES, INC. FOR INDEMNIFICATION OF REASONABLE EXPENSES AND ATTORNEY FEES PURSUANT TO TENNESSEE CODE ANNOTATED SECTIONS 48-18-501 *et seq.***

65. All allegations contained in Paragraphs 59 through 64 are expressly incorporated as though set forth verbatim herein.

66. Defendants Harry F. Thompson, Amy Pye, and Eric J. Thompson are directors in Wilon Resources, Inc.

67. Defendants Harry F. Thompson, Amy Pye, and Eric J. Thompson are entitled to be indemnified by Wilon Resources, Inc. for expenses incurred in defense of the instant cause of action.

Defendants Harry F. Thompson, Amy Pye, and Eric J. Thompson reserve the right to amend their answer, counterclaim and cross-claim, pursuant to applicable law.

Having fully answered the Complaint against them and stated their own causes of action as Counter-Plaintiffs and Cross-Plaintiffs, these Defendants would ask the Court to order:

(a) that the causes of action against them be dismissed with full prejudice,

(b) that and all costs of this action be taxed to Plaintiffs,

(c) that these Defendants be awarded a judgment against Plaintiffs, jointly and severally, in an amount sufficient to reimburse them for expenses incurred

in defending the instant cause of action, including their reasonable

attorney fees,

(d) that, in the alternative to the relief sought in (c) above, these Defendants be awarded a judgment against Defendant Wilon Resources, Inc. in an amount sufficient to indemnify them for expenses incurred in defending the instant cause of action, including their reasonable attorney fees,

(e) that these Defendants be awarded all further legal and equitable relief to which they may be entitled, pursuant to applicable law.

This the 26th day of June, 2007.

/s/ Arthur G. Seymour, Jr.
Arthur G. Seymour, Jr. (BPR No. 1569)
Matthew A. Grossman (BPR No. 22107)
**FRANTZ, MCCONNELL & SEYMOUR, LLP**
P.O. Box 39
Knoxville, TN 37901
(865) 546-9321
Attorneys for Defendants, Harry F. Thompson,
 Amy Pye, and Eric J. Thompson

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing document has been served this 26th day of June, 2007, upon all counsel or parties as listed below at interest in this cause by delivering a true and exact copy to the offices of said counsel or parties or by placing a copy in the United States mail addressed to said counsel or parties at his/her office, with sufficient postage to carry it to its destination, or by special overnight courier; if the foregoing document has been electronically filed with the Court, this service has been made only upon counsel or parties to whom the Court does not furnish electronic copies of filings.

Darryl G. Lowe, Esq.
Lowe & Yeager
900 S. Gay Street, Suite 1950
Knoxville, TN 37902-1810

Robert H Jaffe, Esq.
ROBERT H. JAFFE & ASSOCIATES, P.A.
8 Mountain Avenue
Springfield, NJ 07081

Stephen Scott Duggins, Esq.
Stephen Gay, Esq.
Husch & Eppenberger, LLC
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402

/s/ Arthur G. Seymour, Jr.
Arthur G. Seymour, Jr.
**FRANTZ, McCONNELL & SEYMOUR, LLP**

S:\WDOX\CLIENTS\4789\0000001\ANSWERS\00289985.DOC